IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                    PLAINTIFF

VS.                       NO. 17-4011

CENTRAL TRANSPORT, LLC
and JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3        DEFENDANTS

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant Central Transport LLC ("Central Transport") files this notice of the removal of this action from the Circuit Court of Nevada County, Arkansas, to the United States District Court for the Western District of Arkansas, Texarkana Division. Removal jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332, is founded on the following:

1.      This case, styled *Marqchello Jordan v. Central Transport, LLC and John Doe 1, John Doe 2, and John Doe 3*, was originally filed on January 26, 2017, in the Circuit Court of Nevada County, Arkansas, as civil case number CV-2017-7-2. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.      Central Transport was served, via personal service on its registered agent for service of process, with a summons and a copy of the plaintiff's complaint on or about February 6, 2017.

3.      Central Transport has not filed an answer to the plaintiff's complaint.

1396652-v1

4. This notice of removal is filed within thirty (30) days (or the first filing day thereafter) of the receipt by Central Transport, through service or otherwise, of plaintiff's complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

5. Pursuant to 28 U.S.C. § 1446(a), Central Transport attaches as Exhibit "A" to this notice the complaint in this matter and the summons issued to defendant Central Transport, which constitute all "process, pleadings and orders" served to date.

6. This case is removed pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Upon information and belief, at the time of filing his complaint, plaintiff was an individual citizen and resident of the state of Arkansas.

8. Defendant Central Transport is a limited liability company organized under the laws of Indiana, with its principal place of business in Michigan. It has two members, MJM Investment Holdings, LLC, and MTM Investment Holdings, LLC. Both of its members are Indiana limited liability companies, with their principal places of business in Michigan. The sole member of MJM Investment Holdings, LLC, is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust u/t/a dated 03/24/77, as amended and restated. Manuel J. Moroun is an individual citizen and resident of the state of Michigan. The sole member of MTM Investment Holdings, LLC is Matthew T. Moroun. Matthew T. Moroun is an individual citizen and resident of the state of Michigan. Accordingly, for purposes of diversity

citizenship under 28 U.S.C. § 1332, Central Transport is deemed to be a citizen of the state of Michigan based on the citizenship of its members' individual members.

9. Central Transport is the only defendant that has been properly joined and served in this action. The defendants named only under the fictitious names "John Doe 1, John Doe 2, and John Doe 3" need not be considered for purposes of determining this Court's diversity jurisdiction, nor is it necessary for those defendants to consent to removal. *See* 28 U.S.C. §§ 1441(b)(1), 1446(b)(2)(A).

10. As to the amount in controversy, the plaintiff's complaint expressly seeks compensatory damages "in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases." (Ex. A, Compl., *ad damnum* clause.) For purposes of removal, this demand is "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Thus, the amount in controversy exceeds the amount of $75,000.00, exclusive of costs and interest.

11. Accordingly, this Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the action is removable pursuant to 28 U.S.C. § 1441(a).

12. The United States District Court for the Western District of Arkansas, Texarkana Division, embraces the county in which the state court action is now pending.

13. Written notice of the filing of this notice will promptly be given to plaintiff, and, together with a copy of this notice of removal, will be filed with the Circuit Court of Nevada County, Arkansas, as provided by 28 U.S.C. § 1446(d).

14. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

15. Central Transport expressly reserves any and all defenses which may be available to it in this action.

WHEREFORE, defendant Central Transport LLC removes this action from the Circuit Court of Nevada County, Arkansas, to the United States District Court for the Western District of Arkansas, Texarkana Division, and seeks resolution by this Court of all issues raised herein.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: kwilson@wlj.com
> mthompson@wlj.com
>
> By _____
> Kyle R. Wilson (89118)
> Michael A. Thompson (2010146)
>
> *Attorneys for separate defendant Central Transport LLC*

## CERTIFICATE OF SERVICE

On March 1, 2017, a copy of the foregoing was served by email and U.S. mail on the following:

Mr. Sach D. Oliver
Mr. Frank H. Bailey
Mr. T. Ryan Scott
Mr. Geoff D. Hamby
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, Arkansas 72758

_____
Michael A. Thompson