IN THE CIRCUIT COURT OF NEVADA COUNTY, ARKANSAS
CIVIL DIVISION

MARQCHELLO JORDAN                          )
                                           )
                         PLAINTIFF         )
                                           )        CASE NO. CV-17-7-2
vs.                                        )
                                           )        **JURY TRIAL DEMANDED**
CENTRAL TRANSPORT, INC.                    )
                                           )
and                                        )
                                           )
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3     )
                                           )
                        DEFENDANTS         )

PLAINTIFF'S ATTORNEY: Sach D. Oliver
ADDRESS: 3606 Southern Hills Boulevard, Rogers, AR 72758

THE STATE OF ARKANSAS TO DEFENDANT:

**CENTRAL TRANSPORT, INC.**

### SUMMONS

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

2.  Within **30 days** after service of this summons on you (not counting the day you received it)—or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas—you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

3.  The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address is: Sach Oliver, Bailey & Oliver Law Firm, 3606 Southern Hills Boulevard, Rogers, AR 72758.

4.  If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

5.  If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

6.  Additional Notices.  Included with the Complaint are the following pleadings:

EXHIBIT

A

   a.  Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Central Transport, Inc.;

   b.  Notice of Videotaped Deposition- Duces Tecum of Corporate Representative of Defendant Central Transport, Inc.;

   c.  Notice of Deposition to Elmer E. Ventura

WITNESS my hand and the seal of the Court this ___ day of _____, 2017.

Clerk (SEAL)

Address of Clerk's Office:
Nevada County Circuit Court Clerk
215 E 2nd S, Suite 103
Prescott, AR 71857

Date: _____

[SEAL]

No. ___  This summons is for Central Transport, Inc.

## RETURN OF SERVICE BY AUTHORIZED PRIVATE PROCESS SERVICE

On this _____ day of _____, 2016, at _____ o'clock ___ M., I, being over 18 years of age and appointed to serve summons by the court in which this action is filed or a court in the county in which service is made, have duly served the summons issued by the clerk of court, together with a copy of the Complaint and additional notices and pleading denoted in paragraph six of the summons to: [name]_____, such person being – CHECK APPLICABLE SQUARE:

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

By: _____,
Process Server

STATE OF ARKANSAS                        )
COUNTY OF NEVADA                         )

This "Return of Service by Authorized Private Process Server" was subscribed and sworn to before me, a notary public, on this _____ day of _____, 2017.

_____
Notary Public

My commission expires: _____

IN THE CIRCUIT COURT OF NEVADA COUNTY, ARKANSAS
CIVIL DIVISION

MARQCHELLO JORDAN                        )
                                         )
                          PLAINTIFF      )        CASE NO. CV 2017-7-2
                                         )
vs.                                      )        **JURY TRIAL DEMANDED**
                                         )
CENTRAL TRANSPORT, LLC                   )
                                         )
and                                      )
                                         )
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3   )
                                         )
                          DEFENDANTS     )

COMPLAINT

COMES NOW the Plaintiff, Marqchello Jordan, by and through his undersigned counsel,

Bailey and Oliver Law Firm, and for his Complaint states as follows, to-wit:

INTRODUCTION

1.       This is an action for ordinary negligence, negligent hiring, negligent training,

negligent supervision, negligent retention, and for punitive damages, stemming from a collision

occurring on May 6, 2015, in Nevada County, Arkansas.

PARTIES

2.       Defendant Central Transport, LLC (hereinafter "Central Transport") is a

corporation with its principle place of business at 1403 Ford Ave, Springdale, AR 72764.

Central Transport may be served through its registered agent for service of process, National

Corporate Research, LTD., 1215 Twin Lakes Drive, Little Rock, AR 72205.

3.       The driver of the Central Transport tractor-trailer in the incident giving rise to this

Complaint was Elmer Enrique Ventura (hereinafter "Ventura").

FILED _____ 1-26-17
TIME _____ 9:11
RITA REYENGA, NEVADA COUNTY
CIRCUIT CLERK

1

4.      At the time of the incident giving rise to this action, Ventura was an agent, servant, and/or employee of Defendant Central Transport.

5.      At the time of the incident giving rise to this action, Ventura was acting within the scope of his agency and/or employment, and under the control of separate Defendant Central Transport.

6.      As a result of the relationship between Ventura and Defendant Central Transport, all alleged acts, omissions, negligence, and recklessness of Ventura set forth in this Complaint are imputed to Central Transport under the doctrine of *respondeat superior*.

7.      Pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor(s) is unknown.

8.      In the alternative, the name of the unknown tortfeasor(s), individual person or entity, shall be designated by the pseudonym John Doe.  Thus, in this case, John Doe 1, in the alternative, is the official name of any individual person defendant or entity with which any individual person defendant may be associated.  Furthermore, if there is more than one (1) such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc., is also appropriate.

9.      Upon determining the identity of any current unknown tortfeasor(s) person or entity, Plaintiff will amend this complaint by substituting the real name for the pseudonym.

10.     The Plaintiff has attached hereto the affidavit of Plaintiff's attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125.  Exhibit 1.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights

2

or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

12.    Venue is proper under A.C.A. 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the incident occurred or the county where the person injured resided at the time of the incident.

<u>FACTS</u>

**The Incident**

13.    Central Transport is an international long-haul trucking company with nearly 200 customer service centers and facilities across the largest 45 states and Canada.

14.    Central Transport does business with many of the world's largest corporations, including retail and manufacturing.  Central Transport's thousands of tractor-trailers are dispatched across the United States, Canada and Mexico at any given time.

15.    Central Transport hired and/or entrusted Ventura to drive and operate one of the tractor-trailers it places throughout the country.

16.    On May 6, 2015, Central Transport, has one of its thousands of tractor-trailers (driven by another driver) break down on Interstate-30 eastbound around Prescott, Arkansas. The tractor-trailer sits on the shoulder of the road.

17.    In the early morning hours of the same day, around 7 a.m., Ventura is dispatched in a Central Transport tractor-trailer to assist the broken-down 18-wheeler.

18.    As he approaches the part of Interstate-30 where Central Transport's tractor is sitting on the side of the road, Ventura has his tractor-trailer in the left-hand lane.

3

19.     Ventura attempts a quick lane change in the hopes of getting to the shoulder near the broken down tractor.  However, Ventura fails to check his mirrors for traffic in the right lane.

20.     Ventura swerves into the right lane in hopes of getting to the shoulder.

21.     At this same time, Marqchello Jordan, another tractor-trailer driver, is traveling in the right line that Ventura enters without notice.

22.     Marqchello Jordan sees the rig of Ventura to his left suddenly merge into his lane... with the broken down tractor-trailer on the shoulder to his right, Marqchello Jordan has nowhere to go.

23.     Central Transport's trailer strikes Jordan's front fender, forcing him onto the shoulder and into tractor of Central's disabled 18-wheeler.

24.     Marqchello Jordan is sandwiched between the two Central Transport rigs.

### The Injuries

25.     The tractor-trailers involved sustained thousands of dollars in property damage. But, the real damage is much more severe and, in fact, tragic.

26.     As a result of Central Transport's negligence, Marqchello Jordan now sustained injuries to his neck, back, and left chest. The pain is constant and the prognosis for permanent relief is grim.  It is more likely than not that the physical pain resulting from this wreck will be Marqchello Jordan's constant companion for the rest of his life.

27.     Marqchello Jordan is a young man, just 35 years old. Once a vibrant worker with above average physical capabilities and an endurance for long-haul trucking jobs, Mr. Jordan is now relegated to enduring pain even with the most normal tasks... a turn of the head or a bend of the waist brings physical pain and the emotional trauma of knowing he is not, and likely never will be, the same.

28.     Due to the injuries he sustained at the hands of Central Transport, Marqchello Jordan is forced to rely on pain medication to manage his debilitating pain. Light duty work restrictions now keep him from returning to work, and it is possible that such a return will never take place.

29.     Because of his injuries, Mr. Jordan has not returned to work. It is likely he will never be able to return. He has lost his home and his tractor-trailer – the source of his once significant income. His pain keeps him from doing any work to support himself and his family.

30.     Marqchello Jordan, once a successful self-made businessman, is homeless. He occupies the couches of family and friends when he is not resigned to sleeping in his car.

31.     Mr. Jordan's physical pain is great, but it is not to be outmatched by the emotional toll of not being able to support his family.

<u>COUNT I- ORDINARY NEGLIGENCE</u>

32.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

33.     At the time of impact, the ordinary negligence of Defendant Ventura and Central Transport included, but was not limited to:

  a)  Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to control the speed of the vehicle as was necessary to avoid a collision, in violation of Ark. Code Ann. § 27-51-201(b);

  b)  Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to keep a proper lookout in violation of Ark. Code Ann. § 27-51-104(a);

5

   c)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to keep the vehicle under proper control in violation of Ark. Code Ann. § 27-51-104(b)(6);

   d)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to pass at a safe distance before driving to the right lane in violation of Ark. Code Ann. § 27-51-306(1);

   e)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to signal a lane change appropriately in violation of Ark. Code Ann. § 27-51-403;

   f)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to operate a commercial vehicle in accordance with the applicable laws and regulations in violation of Title 49, Code of Federal Motor Carrier Regulations, § 392.2;

   g)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, failed to use of the highest degree of care;

   h)   Ventura, along with Central Transport, by and through the theory of *Respondeat Superior*, engaged in careless and prohibited driving.

34.    This ordinary negligence was a proximate cause of the injuries sustained by Marqchello Jordan and the damages set forth below.

## COUNT II- NEGLIGENT HIRING

35.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

6

36.     Central Transport had a duty to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers.

37.     Central Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers who were neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle.

38.     Central Transport's negligence in hiring unqualified and incompetent driver was a proximate cause of the injuries sustained by Marqchello Jordan and the damages set forth below.

### COUNT III- NEGLIGENT TRAINING

39.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

40.     Central Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers.

41.     Central Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to perform the duties of driving and maintaining a commercial vehicle.

42.     Specifically, the facts of this incident, as described above, demonstrate that Ventura was not trained in how to properly maintain control of his tractor-trailer, how to properly change lanes, avoidance maneuvering, and other basic professional driving techniques that would have prevented this tragedy.

43.     Central Transport's negligence in failing to properly train personnel was a proximate cause of the injuries sustained by Marqchello Jordan and the damages set forth below.

7

## COUNT IV- NEGLIGENT SUPERVISION

44.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

45.    Central Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised qualified and competent drivers.

46.    Central Transport failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of its drivers.

47.    The failure of Central Transport supervisors to consider and act upon the safety concerns related to Ventura is negligence.

48.    Central Transport's negligence in failing to properly supervise Ventura was a proximate cause of the injuries sustained by Marqchello Jordan and the damages set forth below.

## COUNT V- NEGLIGENT RETENTION

49.    Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

50.    Central Transport had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained qualified and competent drivers.

51.    Central Transport failed in its duty and was negligent when it chose not to have in place, and/or chose not to follow, proper policies and procedures resulting in the retention of unqualified and/or incompetent drivers.

52.    Central Transport's negligence in retaining Ventura was a proximate cause of the injuries sustained by Marqchello Jordan and the damages set forth below.

## DAMAGES

53. Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

54. Plaintiff is entitled to recover the following damages:

a) The nature, extent, duration, and permanency of his injuries;

b) The reasonable expense of all necessary medical care, treatment, and services received including transportation and board and lodging expenses necessarily incurred in securing such care, treatment, or services;

c) The present value of all necessary medical care, treatment, and services including transportation and board and lodging expenses necessarily incurred in securing such care reasonably certain to be required in the future;

d) The pain, suffering, and mental anguish experienced in the past;

e) The pain, suffering, and mental anguish reasonably certain to be experienced in the future;

f) The value of any earnings lost;

g) The present value of any earnings reasonably certain to be lost in the future;

h) The present value of any loss of ability to earn in the future;

i) The scars, disfigurement, and visible results of his injuries;

j) All damages, including special damages, that may be afforded to the Plaintiff based on the facts, claims, and allegations set forth in this Complaint or subsequently discovered in litigation or trial of this matter.

k) All other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions.

<u>PUNITIVE DAMAGES</u>

55.     Plaintiff hereby incorporates all preceding paragraphs by reference as if set forth herein, word for word.

56.     Statutes and regulations that dictate their conduct in the course of employment govern Central Transport and its drivers.

57.     These statutes and regulations, like the ones listed in previous sections, exist due to the dangerous nature of driving tractor-trailers without proper care.

58.     Moreover, Central Transport has an independent duty to hire, train, supervise, and retain competent drivers for its massive fleet.

59.     Central Transport, by and through the theory of *Respondeat Superior*, are aware of these responsibilities and restrictions and know, or should have known, that violating these responsibilities, industry standards, statutes, and regulations would naturally and probably result in injury.

60.     The facts and counts cited above made evident that Central Transport knew its conduct would naturally and probably cause injury, yet it continued such conduct in reckless disregard of the consequences, from which malice may be inferred.

61.     Therefore, the Plaintiff prays for punitive damages against Central Transport, in an amount sufficient to punish Central Transport for its knowingly reckless conduct to deter it and other wrongdoers from similar conduct in the future.

<u>JURY TRIAL DEMANDED</u>

65.     Plaintiff demands a trial by jury.

66.     Plaintiff seeks damages in an amount in excess of the amount necessary for federal jurisdiction in diversity cases.

67.     Plaintiff seeks a jury to act as the conscience of the community; not only to compensate this Plaintiff for the injuries of Marqchello Jordan, but also to deter similar conduct in the community in the future.[1]

68.     The jury is the mechanism provided by common law for determining the presence or absence of due care, reasonableness, prudence, decency, and common sense. *Gent v. State*, 239 Ark. 474 (1965).  In this case, the Plaintiff request that a jury, as the conscience of the community, determine if the care provided Marqchello Jordan meets the standards of reasonableness, due care, and prudence.[2]

69.     The Plaintiff asks for a jury to set the standards, not only for this case, but for the next cases that are tried.  As Dean Prossser noted over 50 years ago:

"The "prophylactic" factor of preventing future harm has been quite important in the field of torts.  **The Courts are not only concerned with compensation of the victim, but with admonishment of the wrongdoer.**   When the decision of the courts becomes known, and defendants realize that they may be held liable, there is of course a strong incentive to prevent the occurrence of harm."[3] [emphasis added]

70.     The Plaintiff in this case is not solely concerned with the compensation for his own harms and losses, but seeks a jury to set standards in the community that provide the incentive for the defendants and those similarly situated to prevent the occurrence of the same harm to the members of the community in the future.[4]

---

[1] *Williams v. O'Neal Ford, Inc.*, 668 S.W. 2d 545 (Ark. 1984) (the jury acts as the 'conscience of the community' in punishing wrongdoers); *see also Georgia-Pacific Corp. v. Carter*, 265 S.W. 3d 107 (Ark. 207) ("the tort system's *primary objectives*" are compensation and *deterrence* (emphasis added)).
[2] *Nice v. ZHRI, Inc.*, 105 F.Supp. 2d 1028, 1029 (2000) (holding it was not error for counsel to tell the jury, "You set the standards for our community.  You six people will set the standards in this case and next case that's tried.").
[3] Prosser Handbook on the Law of Torts, pg. 23 (3d ed. 1954); restated Prosser and Keeton, Torts, § 4, at 25 (5th ed. 1984).
[4] *Razorback Cab of Fort Smith, Inc. v. Amon*, 2016 Ark. App. 352 (2016) (Plaintiff admonishing the jury to "step up and let them know that safety matters" did not constitute a "send a message" or plea to punish argument).

71.     Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damages claims as discovery develops.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendant, jointly and severally, in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury, for punitive damages, for attorneys' fees and costs of this litigation, and for all other relief to which the Plaintiff may be entitled.

Dated this 18 day of January, 2017.

Respectfully Submitted,

Marqchello Jordan

PLAINTIFF

By:    Sach D. Ol___

Sach D. Oliver, AR Bar No. 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff D. Hamby, AR Bar No. 2015171
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
(479) 202-5200 Phone
(479) 202-5605 Fax
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com

*Attorneys for the Plaintiff*

12

IN THE CIRCUIT COURT OF NEVADA COUNTY, ARKANSAS
CIVIL DIVISION

MARQCHELLO JORDAN )
)
                                  PLAINTIFF )
)                    CASE NO. _____
vs. )
)                    **JURY TRIAL DEMANDED**
CENTRAL TRANSPORT, LLC )
)
and )
)
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3 )
)
                                  DEFENDANTS )

## AFFIDAVIT OF SACH D. OLIVER, ESQ.

STATE OF ARKANSAS )
                           ) ss.
COUNTY OF BENTON )

     BEFORE ME, the undersigned authority, personally appeared SACH D. OLIVER, who,

upon first being duly sworn, deposes and states as follows:

1. I, Sach D. Oliver, represent the Plaintiff in the above-entitled matter as their attorney at law.

2. I have caused to be filed a Complaint in the above-entitled matter in the appropriate court of this state.

3. At this time, the names and the number of all tortfeasors contemplated in this action are unknown.

4. For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-125, I have designated the unknown tortfeasors with the pseudo-name John Doe 1, John Doe 2, and/or John Doe 3.

5. Upon determining the identity of the unknown tortfeasor(s) the pseudo name John Doe will be replaced with the real name of the defendant in the Complaint of the above-entitled matter.



EXHIBIT
1

FURTHER, THE AFFIANT SAYETH NOT.

SACH D. OLIVER

Sach D. Oliver, AR Bar No. 2006251
Frank H. Bailey, AR Bar No. 74004
T. Ryan Scott, AR Bar No. 2008161
Geoff D. Hamby, AR Bar No. 2015171
BAILEY & OLIVER LAW FIRM
3606 Southern Hills Boulevard
Rogers, AR 72758
(479) 202-5200 Phone
(479) 202-5605 Fax
soliver@baileyoliverlawfirm.com
fbailey@baileyoliverlawfirm.com
rscott@baileyoliverlawfirm.com
ghamby@baileyoliverlawfirm.com

Attorneys for the Plaintiff

Subscribed and sworn to before me this 18th day of January, 2017.

Notary Public

My Commission Expires:

OFFICIAL SEAL
LIZABETH L. LOTTMANN
NOTARY PUBLIC - ARKANSAS
BENTON COUNTY
COMMISSION # 12361350
COMMISSION EXP. 07/02/2017