IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                    PLAINTIFF

v.                                          Civil No. 4:17-cv-04011

CENTRAL TRANSPORT, LLC *et al.*                                                     DEFENDANTS

## ORDER

Pending now before the Court is Plaintiff's Renewed Motion for Sanctions against separate Defendant, Elmer Enrique Ventura ("Ventura"). ECF No. 61. Defendants have responded to this Motion. ECF No. 63, 65. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. After considering this Motion and arguments of counsel, the Court finds as follow**:**

**I.      Background:**

This lawsuit arises from an accident involving three tractor-trailers which occurred on May 6, 2015. ECF No. 23. Plaintiff alleges Defendants were negligent in causing this accident. *Id.* It has also been alleged by Plaintiff that Defendant Ventura was at the time of the accident an agent or employee of Defendant Central Transport, LLC ("Central") and was acting within the scope of his agency or employment at this time. *Id.*

On May 2, 2018, Plaintiff filed a Motion for Sanctions against Separate Defendant Ventura based upon his failure to attend his properly noticed deposition and for failing to comply with his written discovery obligations. ECF No. 53. At that time, Plaintiff had been attempting to schedule Ventura's deposition since October 30, 2017. *Id.*

On June 13, 2018, this Court denied as premature Plaintiff's Motion for Sanctions. ECF No. 60. However, Plaintiff was ordered to appear for a deposition no later than July 31, 2018. *Id.*

Further, Ventura was ordered to provide responses to any written discovery responses that remained outstanding no later than July 15, 2018. *Id.*

According to Plaintiff, after several attempts to schedule Ventura's deposition, he has not appeared for his deposition by the deadline imposed by this Court and has not supplemented his outstanding discovery. ECF No. 61.[1] Because of Ventura's conduct, Plaintiff filed this Renewed Motion for Sanctions, and seeks to have the Court strike Ventura's entire Answer as an appropriate sanction. *Id.*

Ventura responded to this Motion. ECF No. 63. Counsel for Ventura stated they have continued to attempt to contact Ventura to arrange dates for his deposition. *Id.* However, according to counsel, Ventura is an over-the-road truck driver who now works with a company other than Central and counsel has had considerable difficulty in reaching and communicating with Ventura. ECF No. 64. Counsel argues the Court should deny Plaintiff's Motion because Ventura has not engaged in conduct sufficient to justify the striking of his Answer. *Id.*

Defendant Central responded and requests Plaintiff's Motion be denied and to the extent any sanctions are awarded, that they be crafted to ensure Central is shielded from any prejudice associated with those sanctions. ECF No. 65.

**II.     Discussion:**

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court may on motion, order sanctions if a party, after being served with proper notice fails to appear at his scheduled deposition. The type of sanctions that may be imposed include designating certain facts to be deemed admitted;

---

[1] Plaintiff counsel states these issues are ones of Ventura's own making and not the fault of his counsel. ECF No. 61-1, Pg. 4-5.

prohibiting a disobedient party from introducing certain evidence; striking pleadings in whole or in part; staying proceedings until a discovery order is obeyed; dismissing an action or entering a default judgment; or treating the failure to obey a discovery order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). With this Motion, Plaintiff seeks to strike Ventura's Answer to Plaintiff's First Amended Complaint.

Although the Court is understanding of Plaintiff's position, at this point, the Court is not inclined to strike the entire Answer of Ventura. Instead, the Court will strike Paragraph 3 of Ventura's Answer and the allegations contained in Paragraphs 4, 5 and 6 of Plaintiff's First Amended Complaint will be deemed admitted. Further, the Court will strike Paragraphs 37-53 of Ventura's Answer.

### III. Conclusion:

Based on the foregoing, the Plaintiff's Renewed Motion for Sanctions (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART**, as set out above.

**ENTERED this 27th day of September 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE