IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MARQCHELLO JORDAN**                                          **PLAINTIFF**

**VS.**                               **NO. 4:17-CV-4011-SOH**

**CENTRAL TRANSPORT, LLC,**
**ELMER ENRIQUE VENTURA**
**and JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3**       **DEFENDANTS**

**BRIEF IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION**
**TO EXCLUDE PLAINTIFF'S LIABILITY EXPERTS**

### I. INTRODUCTION

This suit involves a negligence claim filed by the plaintiff arising from an automobile accident that occurred on May 6, 2015, involving two merging collisions: one between defendant Ventura and the plaintiff and a second between the plaintiff and non-party Robert Hinterman, whose tractor-trailer was disabled on the side of the road. Plaintiff has offered two experts on the issue of liability: Ben Railsback (an accident reconstruction expert) and David Dorrity (a trucking safety expert). These experts' opinions should be excluded from the trial of this matter because they will not be helpful to the jury. Specifically, Mr. Railsback and Mr. Dorrity offer opinions only on factual issues that are fully within the comprehension of the jury or on issues of law that are the province of the Court. Further, their opinions pose an impermissibly high risk of unfair prejudice to the defendants. In essence, Mr. Railsback and Mr. Dorrity are offered simply to tell the jury that they should reach the verdict desired by plaintiff and his counsel. This is not a permissible use of

expert testimony. Accordingly, Mr. Railsback and Mr. Dorrity should be precluded from testifying at the trial of this matter.

## II.  ARGUMENT

Expert testimony is admissible only when "the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Experts cannot invade the function of a jury. *See Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015) ("[C]ourts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion."). Thus, "[e]xpert testimony is appropriate when it relates to issues that are beyond the ken of people of ordinary intelligence. Where the subject matter is within the knowledge or experience of laymen, expert testimony is superfluous." *United States v. French*, 12 F.3d 114, 116 (8th Cir. 1993). Expert testimony must be excluded if the jury is equally capable of drawing the proposed conclusions based on the admissible evidence. *Williams v. Pro-Tec, Inc.*, 908 F.2d 345, 348-49 (8th Cir. 1990). Further, where the expert is testifying on issues of common knowledge, such testimony "may run afoul of Rule 403 if the jury affords it more weight than warranted because of [the expert's] expertise in other areas." *Id.* Applying these same principles, the Arkansas Supreme Court has held that it looks upon accident-reconstruction opinions with "disfavor" and allows expert testimony on this issue only when "the situation is beyond the jurors' ability to understand the facts and draw their own conclusions." *B.&J. Byers Trucking, Inc. v. Robinson*, 281 Ark. 442, 445, 665 S.W.2d 258, 261 (1984)

An expert, likewise, cannot invade the province of the Court. Thus, legal matters, such as the meaning and interpretation of regulations or the existence of a duty, are not subjects on which expert testimony could assist the jury. *So. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838 (8th Cir.2003); *Hogan v. Am. Telephone & Telegraph Co.*, 812 F.2d 409,411 (8th Cir.1987)). The nature of any duty owed is always a question of law for the Court—not for the jury or any witness—to resolve. *See Bartley v. Sweetser*, 319 Ark. 117, 122, 890 S.W.2d 250 (1994). Applying these principles, Arkansas district courts have excluded trucking-safety experts from opining as to the existence of a duty, that the Federal Motor Carrier Safety Regulations ("FMCSRs") impose a higher duty on a truck driver than on an ordinary driver, or that the defendant driver violated the FMCSRs. *McLane v. Rich Transp., Inc.*, No. 2:11-CV-00101 KGB, 2012 WL 3996832, at *3 (E.D. Ark. Sept. 7, 2012).

Here, plaintiff's proffered liability experts violate these principles. First, Ben Railsback is offered as an accident-reconstruction expert. (Ex. A, Railsback Report.) Notably, Mr. Railsback offers opinions only as to the second collision, between the plaintiff and Robert Hinterman.[1] (*Id.* at 12.) It is not clear that there is any dispute as to the facts of this second accident, so there is no reason expert testimony is necessary on that issue. Even if there may have been some dispute, there are only two eyewitnesses to the collisions at issue in this case, the plaintiff and

---

[1] Although labeled as a "preliminary" report, plaintiff has served no other report from Mr. Railsback. Plaintiff's counsel further confirmed, in July of 2018, that Mr. Railsback's "preliminary" report, dated October 9, 2017, constituted a complete disclosure of his anticipated trial opinions. (Ex. B, Email from Plaintiff's Counsel.)

defendant Ventura (Mr. Hinterman was asleep in his sleeper berth at the time of the accident), and it appears that plaintiff will likely be the only one to testify at trial. Mr. Railsback has further reached this opinion simply by reviewing the police report, photographs of the vehicles and the scene, and a Google maps printout of the accident scene. (*Id*. at 4-11.) Whether through the testimony of the investigating ASP Trooper (Cpl. David Hamilton) or through the items directly, all of the factual information from these items will be made available to the jury. The jury is fully capable of reviewing and understanding this testimony and evidence and of drawing its own conclusions as to what happened in the plaintiff's second collision with Mr. Hinterman. Mr. Railsback's opinons, therefore, would serve no purpose other than allowing Mr. Railsback to vouch for and illustrate the plaintiff's testimony with animation software offered by Mr. Railsback's firm. (*See id*. at 12.) This is not the proper role of an expert witness and poses a great risk of unfair prejudice to the defendants by lending undue weight to the plaintiff's theory of at least the second collision that occurred in this case.

David Dorrity's opinions suffer from similar defects. Mr. Dorrity offers a variety of opinions, all of which are matters of common knowledge, legal issues, or otherwise irrelevant. First, Mr. Dorrity opines that Ventura was negligent because he allegedly failed to keep a proper lookout, failed to maintain his lane of travel, and failed to monitor his mirrors properly. (Ex. C, Dorrity Report, at 5.) There is no need for an expert to tell the jury that Ventura had a duty to keep a proper lookout or maintain control of his vehicle. The duty owed is a question of law for

the Court and is addressed in the standard Arkansas jury instruction on the rules of the road. *See* AMI Civil 901 (2019 ed.). Further, Mr. Dorrity's opinions that Ventura actually violated these duties is based on nothing other than the fact that the accident occurred. (*See* Ex. C, Dorrity Report, at 5 ("It is likely that Mr. Ventura failed to monitor his mirrors prior to his lane change, otherwise he would have seen Jordan, or knew he had moved into his blind spot.") This conclusory opinion invades the province of the jury and, in that it rests solely on the occurrence of the accident as proof of fault, is incorrect under Arkansas law. *See* AMI Civil 603 (2019 ed.) ("The fact that an accident occurred is not, of itself, evidence of negligence on the part of anyone."). The jury is fully capable of reviewing the evidence in the case and deciding whether Ventura complied with the ordinary rules of the road.

Second, Mr. Dorrity opines that Ventura must have been travelling faster than the plaintiff because Ventura was in the left-hand lane at the time of the accident. (Ex. C, Dorrity Report, at 6.) Mr. Dorrity further opines that Ventura's being in the left hand lane shows that he was "impatient and speeding, aggressive or reckless, or a combination of these reasons." (*Id.*) First, this opinion has no basis in fact. Ventura was initially in front of the plaintiff, travelling in the right-hand lane. The plaintiff testified that when Ventura initially moved from the right-hand lane to the left-hand lane, Ventura was not attempting to pass anyone but may have been moving over because Mr. Hinterman was disabled on the shoulder. (Ex. D, Jordan Dep., at 110:16-112:1.) In addition, plaintiff testified that he was going 55 to 60 miles per hour when he then began passing Ventura on the right and

acknowledged that since plaintiff was able to catch up to Ventura and begin passing him on the right, Ventura must have been going slower than plaintiff. (*Id.* at 113:8-114:7.) Second, expert testimony on this issue is unnecessary. The jury is fully capable of drawing its own conclusions from the fact that Ventura was driving in the left-hand lane when the accident occurred. Finally, Mr. Dorrity's opinions on this issue pose a great risk of unfair prejudice to Central Transport. Plaintiff has already indicated that he intends to rely on this testimony to support his punitive-damages claim against Central Transport (*see* Doc. 93, Response to CT MSJ on Punitive Damages, at 9), notwithstanding the fact that "reckless" is not the standard for punitive damages under Arkansas law and that Mr. Dorrity's theory would make every truck driver liable for punitive damages if the accident occurred while the truck driver was in the left-hand lane. *See* Ark. Code Ann. § 16-55-206; (Reply to Response, at 5.) Thus, plaintiff is offering these conclusory opinions of Mr. Dorrity just to impart the weight of an expert to his counsel's unfounded legal theories on punitive damages, and not to assist the jury members understand issues beyond their common knowledge.

Finally, Mr. Dorrity opines that this accident was preventable under the FMCSRs. (Ex. C, Dorrity Report, at 8.) This term is defined in the FMCSRs and, therefore, is not a proper subject of expert testimony. *McLane*, 2012 WL 3996832, at *1 ("'Preventable accident' is defined in the Federal Motor Carrier Safety Regulations ('FMCSR'), *see* 49 C.F.R. 385.3 ("A preventable accident is one that could have been averted but for an act or failure to act . . . ."), and therefore any

testimony on that issue will not assist the jury."). Further, the FMCSRs' definition of a "preventable accident" sets a different standard than Arkansas law on negligence. While a preventable accident is one that "could have been averted but for an act or failure to act," negligence under Arkansas law is only "the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case." AMI Civil 302 (2019 ed.). Thus, while any action or failure to act may render an accident preventable, such an action or failure to act is only negligent if a "reasonably careful person" would have acted differently than the defendant. Mr. Dorrity's testimony on the issue of "preventability," therefore, is irrelevant to the inquiry at hand and could mislead the jury into finding against the defendants based on something other than the definition of negligence under Arkansas law.

No experts are needed on liability in this case. The plaintiff's proffered experts on this issue will not assist the jury but, instead will invade the function of the jury and this Court by opining on issues of fact that are readily ascertainable to the jury or on issues of law. These experts' proffered testimony further poses an undue risk of unfair prejudice to the defendants. Accordingly, the plaintiff's experts Ben Railsback and David Dorrity should be precluded from testifying at the trial of this matter.

### III. CONCLUSION

For the reasons stated above, the Court should grant separate defendants' motion and exclude the testimony of Ben Railsback and David Dorrity from the trial of this matter.

    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, Arkansas 72201-3699
    (501) 371-0808
    FAX: (501) 376-9442
    E-MAIL: kwilson@wlj.com
              mthompson@wlj.com

By <u>Michael A. Thompson</u>
    Kyle R. Wilson (89118)
    Michael A. Thompson (2010146)

*Attorneys for separate defendant Central Transport LLC*

and

FRIDAY, ELDREDGE & CLARK, LLP
Guy Alton Wade, Ark. Bar No. 88178
Phillip M. Brick, Jr., Ark. Bar No. 2009116
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
501-370-1556 – Telephone
501-244-5315 – Facsimile
wade@fridayfirm.com –Email
pbrick@fridayfirm.com – Email

*Attorneys for Separate Defendant Elmer Enrique Ventura*

By <u>Phillip M. Brick, Jr.</u>
    PHILLIP M. BRICK, JR., #2009116