IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                    PLAINTIFF

v.                                    Case No. 4:17-cv-4011

CENTRALTRANSPORT, LLC;
ELMER ENRIQUE VENTURA; and
JOHN DOES 1-3                                                                        DEFENDANTS

## ORDER

Before the Court is Separate Defendant Central Transport, LLC's Motion for Reconsideration of Order Granting Plaintiff's Renewed Motion for Sanctions Against Defendant Elmer Enrique Ventura. (ECF No. 67). Plaintiff Marqchello Jordan has filed a response in opposition. (ECF No. 73). The Court finds this matter ripe for consideration.

## BACKGROUND

This is a negligence action arising from an accident involving three tractor-trailers which occurred on May 6, 2015. (ECF No. 23). Separate Defendant Elmer Enrique Ventura ("Ventura") is a truck driver. *Id.* Separate Defendant Central Transport, LLC, ("Central Transport") is a trucking company engaged in the business of hauling freight. *Id.* Plaintiff alleges Defendants were negligent in causing this accident. *Id.* Plaintiff also alleges that Ventura was an agent or employee of Central Transport acting within the scope of his agency or employment at the time of the accident. *Id.*

On May 2, 2018, Plaintiff filed a Motion for Sanctions against Ventura based upon his failure to attend his properly noticed deposition and for failing to comply with his written discovery obligations. (ECF No. 53). On June 13, 2018, the Court denied as premature Plaintiff's Motion

for Sanctions. (ECF No. 60). However, Ventura was ordered to appear for a deposition no later than July 31, 2018. *Id.* Further, Ventura was ordered to provide responses to any written discovery responses that remained outstanding no later than July 15, 2018. *Id.*

Plaintiff made several attempts to scheduled depositions. However, Ventura did not appear for a deposition or supplement his written discovery by the court-ordered deadline. Consequently, Plaintiff filed a Renewed Motion for Sanctions seeking that the Court strike Ventura's entire Answer. (ECF No. 61).

On September 27, 2018, the Honorable Barry A. Bryant, Magistrate Judge for the Western District of Arkansas, issued an order sanctioning Ventura for failing to meet his discovery obligations. (ECF No. 66). Judge Bryant's Order struck Paragraph 3 of Ventura's Answer, (ECF No. 34) and the allegations contained in Paragraphs 4, 5, and 6 of Plaintiff's First Amended Complaint (ECF No. 23) were deemed admitted. Further, Judge Bryant's Order struck Paragraphs 37-53 of Ventura's Answer. (ECF No. 34). Specifically, the Court deemed admitted that at the time giving rise to this action Ventura (1) was "the driver of the tractor-trailer giving rise to this action," (2) was "an agent, servant, and/or employee of Central Transport," and (3) was "acting within the scope of his agency and/or employment, and under the control of Central Transport."

On October 24, 2018, Central Transport filed the instant Motion for Reconsideration, arguing that the Court should vacate or modify Judge Bryant's order imposing sanctions to avoid manifest injustice. On November 6, 2018, Plaintiff filed a response in opposition to the motion.[1] (ECF No. 73).

---

[1] A more complete recitation of the facts can be found in Judge Bryant's Order imposing sanctions on Ventura. (ECF No. 66).

## DISCUSSION

The Court must now determine whether Judge Bryant's Order sanctioning Ventura should be set aside or modified to avoid manifest injustice to Central Transport.

Federal Rule of Civil Procedure 54(b) provides in relevant part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, Rule 54(b) governs the reconsideration of interlocutory orders that do not constitute final judgement in a case. *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). However, a motion for reconsideration pursuant to Rule 54(b) "may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought.'" *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008) (quoting *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999)). Whether reconsideration is warranted is a highly discretionary decision. *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006). A court should only revisit its prior decision when extraordinary circumstances exist and the original decision was "'clearly erroneous and would work a manifest injustice.'" *Evans v. Contract Callers, Inc.*, 2012 WL 234653 (E.D. Mo. Jan. 25, 2012) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Central Transport argues that the Court's ruling on sanctions, specifically the admission that Ventura was an agent or employee of Central Transport acting within the scope of his agency or employment, is manifestly unjust because Central Transport had no control over Ventura's

decision not to participate in discovery. Central Transport also argues that Plaintiff's admitted allegations cannot be given legal effect against it under existing Eighth Circuit and Arkansas law.

Plaintiff argues that the Court should not reconsider its ruling because the Court was within its power to sanction Ventura for failing to participate in discovery. Further, Plaintiff contends that it is to be expected that rulings against co-defendants may impact other parties

Upon consideration, the Court agrees with Central Transport. Ventura is now affiliated with another trucking company and has no contact with Central Transport. Central Transport has no control over whether Ventura appears for depositions or fulfills his discovery obligations. Therefore, Central Transport should not be sanctioned for Ventura's actions when it has fully participated in discovery. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 211 (1958) (holding that party should not be severely sanctioned for circumstances beyond its control); *see also Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (holding that striking pleadings requires willful disobedience of court order by party).

The Court also agrees that any alleged facts admitted in Judge Bryant's Order cannot have any legal effect against Central Transport under existing precedent. *See Delgado v. GGNSC Grand Island Lakeview LLC*, 259 F. Supp. 3d 991, 1006 (D. Neb. 2017) (citing *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968); *see also United States v. Wheeler*, 161 F. Supp. 193, 198 (W.D. Ark 1958) (reasoning that facts which stood admitted at law against one defendant for failure to respond to discovery request were not binding on innocent co-defendant). Therefore, the Court finds that Judge Bryant's Order (ECF No. 66) should be modified to avoid a clear error of law working a manifest injustice upon Central Transport. Accordingly, any facts deemed admitted as a result of Judge Bryant's Order (ECF No. 66) will only be admitted as to

Ventura and are not conclusive as to Plaintiff's claims against Separate Defendant Central Transport.

## CONCLUSION

For the above reasons, Central Transport's Motion for Reconsideration (ECF No. 67) should be and hereby is **GRANTED**. Judge Bryant's Order sanctioning Separate Defendant Ventura (ECF No. 66) is hereby modified. Any facts deemed admitted as a result of Judge Bryant's Order (ECF No. 66) will only be admitted as to Separate Defendant Ventura and are not conclusive as to Plaintiff's claims against Separate Defendant Central Transport.

**IT IS SO ORDERED**, this 22nd day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge