IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                             PLAINTIFF

v.                                      Case No. 4:17-cv-4011

CENTRAL TRANSPORT, LLC;
ELMER ENRIQUE VENTURA;
and JOHN DOE 1, JOHN DOE 2,
and JOHN DOE 3                                              DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is Marqchello Jordan's ("Plaintiff") Motion for Partial Summary Judgment. (ECF No. 69). Separate Defendant Central Transport, LLC, ("Central Transport") has filed a response in opposition. (ECF No. 76). Plaintiff has filed a reply. (ECF No. 79).

Also pending before the Court is Central Transport's Motion for Summary Judgment. (ECF No. 81). Plaintiff has filed a response in opposition. (ECF No. 91). Central Transport has filed a reply. (ECF No. 96).

The Court finds these matters fully briefed and ripe for consideration. For the reasons set out below, Central Transport's motion is granted. Accordingly, Plaintiff's motion is denied, and his claims against Central Transport are dismissed with prejudice.

**BACKGROUND**

This is a negligence action arising out of a May 6, 2015, automobile accident involving three tractor-trailers on Interstate 30. (ECF No. 1, p. 3). Plaintiff has alleged claims of ordinary negligence against both Separate Defendant Elmer Enrique Ventura ("Ventura") and Separate Defendant Central Transport under theories of *respondeat superior* and agency. *Id.* at 5. Further, Plaintiff has alleged negligent hiring, negligent training, negligent supervision, and negligent retention claims against Separate Defendant Central Transport. *Id.* at 6-8.

Central Transport is an international long-haul trucking company with customer service centers and facilities in forty-five states and in Canada. *Id.* at 3. Ventura is a truck driver who was operating under an "Independent Contractor Agreement" for Central Transport at the time of the accident giving rise to this action. Under the Independent Contractor Agreement, Ventura was responsible for providing drivers and trucks to pull Central Transport trailers and equipment to specified destinations.

The facts surrounding the accident do not appear to be in dispute. At approximately 7:00 a.m. on May 6, 2015, Ventura was dispatched to assist another Central Transport tractor-trailer which had broken down on the shoulder of the eastbound lane of Interstate 30 near Prescott, Arkansas. Ventura approached the incapacitated tractor-trailer in the left lane of Interstate 30. As Ventura neared the broken-down rig, he attempted to merge into the right lane. However, Ventura allegedly failed to maintain a proper lookout when he attempted to merge into the right lane. Plaintiff, who was driving a third tractor-trailer in the right lane, was sandwiched between Ventura and the broken-down tractor-trailer and sustained injuries as a result of the collision.

The parties contest whether Ventura's alleged negligence can be imputed to Central Transport. Consequently, on November 6, 2018, Plaintiff filed his Motion for Partial Summary Judgment on vicarious liability, arguing that the undisputed facts show Ventura was a Central Transport employee acting within the scope of his employment at the time of the accident. On December 20, 2018, Central Transport filed its Motion for Summary Judgment, arguing that it is entitled to summary judgment on all of Plaintiff's claims against it because Ventura was an independent contractor and not an employee.

**LEGAL STANDARD**

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. When, as here, cross-motions for summary judgment are filed, each motion should be reviewed in its own right, with each side "entitled to the benefit of all inferences favorable to them which might reasonably be drawn from the record." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983).

## DISCUSSION

The Court will first address whether Central Transport is vicariously liable for Ventura's alleged negligence. Then the Court will turn to Plaintiff's claims against Central Transport.

**I. Vicarious Liability**

Central Transport argues that it cannot be held liable for Ventura's alleged negligence because Ventura was acting as an independent contractor at the time Plaintiff was injured. Plaintiff, however, contends that the undisputed facts show that Central Transport exercised control over Ventura, and thus, Ventura was a Central Transport employee. Plaintiff also argues that Ventura was a Central Transport employee as a matter of law under the special employee doctrine. If Central Transport was Ventura's employer at the time of Plaintiff's injury, any liability for Ventura's alleged negligence could be imputed to Central Transport. *Stoltze v. Ark. Valley Elec. Coop Corp.*, 127 S.W.3d 466, 470 (Ark. 2003). Consequently, the Court must decide whether Ventura was a Central Transport employee or an independent contractor.[1] If Ventura was an independent contractor, the Court must further address whether any of the exceptions to independent contractor liability apply in this case.

**A. Independent Contractor Relationship**

This is a diversity action governed by Arkansas state substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 645 (1938). Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove the following: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant

---

[1] Plaintiff also argues that the Court has already found that Ventura was an independent contractor. On September 27, 2018, the Court entered an order sanctioning Ventura for failing to appear for properly noticed depositions and for failing to respond to written discovery. (ECF No. 66). In its order, the Court deemed admitted Plaintiff's allegations that Ventura was a Central Transport employee acting within the scope of his employment at the time of Plaintiff's injury. Plaintiff argues that because these allegations were admitted, the Court has conclusively ruled that Central Transport is vicariously liable for Ventura's alleged negligence. However, the Court has since granted Central Transport's Motion to Reconsider on this issue and modified its order to have no legal effect as to Central Transport. (ECF No. 108). Therefore, the Court finds that its order sanctioning Ventura (ECF No. 66) has no effect for the purposes of deciding the instant summary judgment motions.

breached that duty; and (3) that the breach was the proximate cause of the plaintiff's injuries. *Branscomb v. Freeman*, 200 S.W.3d 411, 416 (Ark. 2004). The general rule in Arkansas is that an employer is not responsible for the negligence of its contractor. *Stoltze*, 127 S.W.3d at 470. When the employer, however, goes beyond certain limits in directing, supervising, or controlling the performance of the contractor's work, the relationship changes to that of employer-employee, and the employer is liable for the employee's negligence. *Draper v. ConAgra Foods, Inc.*, 212 S.W.3d 61, 67 (Ark. 2005). The nature of an agency relationship is ordinarily a question of fact to be determined by a jury; however, where the facts are undisputed and only one reasonable inference can be drawn from them, the nature of an agency relationship becomes a matter of law for the court to determine. *Id.*

Central Transport argues that it cannot be held liable because Ventura was an independent contractor hired by Central Transport and not a Central Transport employee. No fixed formula exists under Arkansas law for determining whether a person is an employee or an independent contractor; thus, the determination must be made on the particular facts of each case. *Ark. Transit Homes, Inc. V. Aetna Life & Cas.*, 16 S.W.3d 545, 547 (2000). An independent contractor is "one who contracts to do a job according to his own method and without being subject to the control of the other party, except as to the result of the work." *Kistner v. Cupples*, 372 S.W.3d 339, 343 (Ark. 2010). A written contract creates the relation of employer and independent contractor; however, such relation may be destroyed by conduct of the employer through direction of means and methods of producing physical results. *ConAgra Foods, Inc. v. Draper*, 276 S.W.3d 244, 249 (2008).

The Arkansas Supreme Court has adopted the Restatement (Second) of Agency § 220(2) (1958), which outlines several factors to consider when determining whether an employer-employee relationship exists between two parties:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by time or by the job;

(h) whether or not the work is part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*See Draper*, 212 S.W.3d at 67. Of these factors, the right to control is the most important factor in determining whether one is an employee or independent contractor.[2] *Id.* "It is the right to control, not the actual control, that determines the relationship." *ConAgra*, 276 S.W.3d at 249.

Two recent cases applying Arkansas law, *Brown v. Truck Connections Int'l, Inc.*, 526 F. Supp. 2d 920, 923 (E.D. Ark. 2007) and *Kistner v. Cupples*, 372 S.W.3d 339, 343 (Ark. 2010), also supply significant guidance when defining independent contractor relationships in the trucking context. In *Brown*, Penske Truck Leasing Co. ("Penske") contracted with Truck Connections International ("TCI") to provide drivers to transport Penske-owned vehicles. *Id.* Sometime thereafter, one of TCI's drivers was involved in an automobile accident while driving a Penske truck. *Id.* The court, applying the Restatement factors, held that TCI was an independent contractor because TCI retained control of its operations. *Id.* In finding that TCI was an independent

---

[2] In the list of Restatement factors, the right control is listed as factor (a).

6

contractor, the court held "[t]he contract does not designate how TCI is to transport Penske's trucks-specifically, the route TCI was to take, the drivers it was to employ, etc.-which is the substantive performance for which Penske contracted." *Id.* The Court also noted that TCI being required to adhere to Penske's delivery schedule did not mean that Penske exercised control over TCI but was simply "standard in contracts of this sort." *Id.*

In *Kistner*, the Arkansas Supreme Court was confronted with a similar set of facts as found in *Brown*. The court found that the contractor and trucking company had entered into an independent contractor relationship. *Kistner*, 372 S.W.3d at 343. The court based its finding on the reasoning in *Brown*—that a trucking company is not in control of a contractor where the contractor is free to pick his own route and decide what drivers to employ. *Id.* Additionally, the court found that the terms of the contract, which called for the contractor to maintain his own equipment, provide his own employee benefits, and expressly stated that it created an independent contractor relationship, weighed in favor of finding that an independent contractor relationship existed. *Id.*

Central Transport argues that *Brown* and *Kistner* are controlling because the Independent Contractor Agreement Ventura entered into mirrors the contracts in those cases. Plaintiff, however, contends that *Brown* and *Kistner* are distinguishable from the instant case because the contracts in these cases were made between a trucking company and another company who agreed to provide truck drivers; whereas here, the contract was directly between a trucking company and an individual. Further, Plaintiff contends that the undisputed facts weigh in favor of finding that an employer-employee relationship existed between Central Transport and Ventura.[3]

---

[3] Plaintiff also argues that Ventura is a Central Transport employee because of certain definitions and duties contained in the Federal Motor Carrier Safety Regulations ("FMCSR"). However, Plaintiff has cited no caselaw showing that the FMCSR have been used as evidence of an employee-employer relationship for the purposes of tort liability. Moreover, the Arkansas Supreme Court has acknowledged that state tort law principles should be used instead of federal regulations to define employee-employer relationships. *See Kistner*, 372 S.W.3d at 343. Therefore, the Court finds Plaintiff's FMCSR argument unpersuasive.

7

Upon consideration, the Court finds that *Brown* and *Kistner* are analogous to this case. Just like in *Brown* and *Kistner*, Ventura had the ability to pick his own route and choose his own drivers. Therefore, he retained control over the substantive performance of his trucking operation. Although Plaintiff argues that Ventura was *de facto* obligated to take the most efficient route, there is nothing in the record to support the argument that Central Transport mandated what route Ventura had to take. Therefore, the Court finds that Ventura retained control over his operation. Accordingly, this factor weighs in favor of finding that an independent contractor relationship existed.

Moreover, the Independent Contractor Agreement Ventura entered into is virtually identical to the contract in *Kistner*. Under the Independent Contractor Agreement, Ventura was required to provide and maintain his own equipment, provide himself and any employees with worker's compensation and other benefits, and indemnify Central Transport in civil claims. (ECF No. 71). The Independent Contractor Agreement also explicitly stated several times that it was creating an independent contractor relationship and that Ventura was not a Central Transport employee. *Id.* Here, like in *Kistner*, it clear from the agreement that the intent of both parties was to create an independent contractor relationship. Ventura was to provide Central Transport with qualified drivers, supply his own equipment, pay for the majority of operating costs, was not required to paint any permanent identification on his trucks associating himself with Central Transport, and specifically recognized his independent contractor relationship when he signed the Independent Contractor Agreement.

Plaintiff's argument that *Brown* and *Kistner* are distinguishable because the contracts in those cases were entered into with a company supplying drivers instead of directly with an individual is misguided. Under the Independent Contractor Agreement, Ventura was responsible for providing competent drivers and for providing those drivers with worker's compensation and unemployment

8

benefits, proper tax withholdings, and verifying drivers' immigration status. *Id.* The fact that Ventura chose to drive himself rather than employ other drivers does not change the nature of the agreement that he entered into. Further, even if *Brown* and *Kistner* were not applicable, upon viewing the undisputed facts through the lens of the Restatement factors keeping in mind the principal factor of control, the Court finds that these factors weigh in favor of finding that an independent contractor relationship existed. Accordingly, the Court finds that Ventura was an independent contractor and not a Central Transport employee.

### B. Responsibility for Negligence of Independent Contractors

The Court now addresses whether Central Transport can be held vicariously liable even though Ventura was an independent contractor.

The Arkansas Supreme Court has recognized at least three exceptions to the general rule that an employer is not responsible for the negligence of its independent contractor. *Stoltze*, 127 S.W.3d at 470. First, an employer may be held liable for the conduct of a careless, reckless, or incompetent contractor when the employer was negligent in hiring the contractor. *Id.* Second, an employer may be liable when the employer has undertaken to perform certain duties or activities and negligently fails to perform them or performs them in a negligent manner.[4] *Id.* Third, an employer may be held liable to third parties when it delegates to an independent contractor work that is inherently dangerous.[5] *Id.*

Plaintiff does not directly argue that any of the above exceptions exist in this case. However, Plaintiff has alleged a separate negligent hiring claim against Central Transport. In this claim Plaintiff does not argue that the negligent hiring exception to independent contractor liability

---

[4] The Court has not found any facts suggesting that this exception applies.
[5] Under Arkansas law, operating a tractor-trailer is not an inherently dangerous activity. *See Brown v. Truck Connections Int'l, Inc.*, 526 F. Supp. 2d 920, 924 (E.D. Ark. 2007) (citing *Walker v. Wittenberg, Delony & Davidson, Inc.*, 412 S.W.2d 621, 625 (Ark. 1967)). Therefore, the Court finds that this exception does not apply.

applies, but rather, that Central Transport is liable for ordinary negligence in hiring Ventura. In response, Central Transport has explicitly argued that the negligent hiring claim is not an exception to independent contractor liability, but Central Transport does not appear to address negligent hiring as an independent count of negligence. Under either theory, the analysis is the same. *See Paulino v. QHG of Springdale, Inc.*, 386 S.W.3d 462, 469 (2012). Therefore, the Court will now address Plaintiff's negligent hiring claim.

"[T]o state a claim for negligent hiring, a Plaintiff must show (1) that an inadequate background check was done or there was the complete absence of a background check; (2) that a proper background check would have revealed that the employee was not qualified for the position for which he or she was hired; and (3) that if the claim is based on a criminal act by the employee, there was a direct causal connection between an inadequate background check and the criminal act for which the plaintiff is attempting to hold the employer. *Paulino*, 386 S.W.3d at 469. "Furthermore, an employer who has previous successful experience with an independent contractor in the performance of his work cannot be held liable on the theory of the negligent selection of the contractor. *Nelson v. Harding*, No. CA05-1143, 2006 WL 1086267, at *3 (Ark. Ct. App. Apr. 26, 2006). "The burden of proof is upon the party alleging negligence to prove the employer either knew or should have known of the incompetency of the independent contractor." *Id.*

Central Transport admits that it did not perform a background check but argues that it cannot be held liable for negligent hiring because of its past successful experience with Ventura. Plaintiff contends that a previous successful experience is not an absolute bar to liability for negligent hiring. Moreover, Plaintiff maintains that Central Transport should have known Ventura was not competent because several of his past employers, including Central Transport, had marked "review required before rehiring" in the reference materials Ventura provided with his application to drive for Central

Transport.[6] Further, Plaintiff contends that a proper background check would have led to the discovery of multiple citations and moving violations demonstrating that Ventura was not qualified to commercially operate a tractor-trailer.

Upon consideration, the Court finds that a background check would not have revealed any facts indicating that Ventura was not qualified for his job. Although there is some dispute as the nature and effect of Central Transport's past experience with Ventura and the meaning of the phrase "review required before rehiring," the record is clear that any background check conducted while Ventura was affiliated with Central Transport would have only shown one moving violation for speeding and no accidents. (ECF No. 91, pp. 27-28). This is insufficient to prove that Ventura was not qualified for his job. Therefore, the Court finds that Central Transport was not negligent in hiring Ventura.[7]

### C. "Special Employee" Doctrine

Plaintiff also contends that Central Transport is subject to vicarious liability for Ventura's alleged negligence because Ventura was a special employee. The special employee doctrine holds that:

> When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
> (a) The employee has made a contract for hire, express or implied, with the special employer;
> (b) The work being done is essentially that of the special employer; and
> (c) The special employer has the right to control the details of the work.

*Daniels v. Riley's Health & Fitness Centers*, 310 Ark. 756, 759, 840 S.W.2d 177, 178 (1992).

---

[6] Plaintiff has driven for Central Transport for different periods of time under several different contracts.
[7] As noted above, there is some confusion between the parties as to whether Plaintiff's negligent hiring claim operates as an exception to independent contractor liability or is an independent count of negligence. However, for the above reasons, Plaintiff's negligent hiring claim fails under either theory.

This not a workers' compensation case. Moreover, the record is clear that Ventura was never loaned to Central Transport by any general employer. The Court is unaware of and Plaintiff has not cited to any authority holding that the special employee doctrine can be used to establish vicarious liability in tort. Accordingly, the Court finds that the special employee doctrine is inapplicable to the present case.

## II. Plaintiff's Remaining Claims Against Central Transport

Plaintiff has also asserted negligent supervision, negligent retention, and negligent training claims against Central Transport.

"An independent contractor is one who, exercising an independent employment, contracts to do work according to his own methods and without being subject to the control of the employer, except as to the results of the work. *Russell v. Ne. Texas Land & Timber*, 372 S.W.3d 816, 819 (Ark. App. 2009). Consequently, negligent supervision, negligent retention, and negligent training in Arkansas are seemingly limited to the supervision, retention, and training of employees rather than independent contractors. *See Paulino*, 386 S.W.3d at 469 (stating that negligent supervision and negligent retention claims are limited to supervision and retention of employees); *Russell*, 372 S.W.3d at 819. (holding that defendant was not liable for failure to train independent contractor).

As discussed above, Ventura was working as an independent contractor for Central Transport. Therefore, the Court finds that Plaintiff's negligent training, negligent supervision, and negligent retention claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court finds that Central Transport's Motion for Summary Judgment (ECF No. 81) should be and hereby is **GRANTED**. Accordingly, Plaintiff's Motion for Partial Summary Judgment (ECF No. 69) is hereby **DENIED**, and Plaintiff's claims against Central

Transport are **DISMISSED WITH PREDJUDICE**. A separate judgment consistent with this Opinion will be entered.[8]

      **IT IS SO ORDERED**, this 22nd day of February, 2019.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                Chief United States District Judge

---

[8] Consistent with the above ruling, Central Transport's Motion for Partial Summary Judgment on Punitive Damages (ECF No. 84) is **DISMISSED AS MOOT**.