IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                               PLAINTIFF

v.                              Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3                                                                      DEFENDANTS

# ORDER

Before the Court is Defendant Elmer Enrique Ventura's Motion to Exclude Dr. Kamal Kabakibou. ECF No. 104. Plaintiff Marqchello Jordan has filed a response. ECF No. 111. The Court finds the matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

At trial, Plaintiff intends to offer the expert testimony of Dr. Kamal Kabakibou regarding the cause of Jordan's injuries. Dr. Kamal Kabakibou is Jordan's treating physician. Ventura asserts that Dr. Kabakibou's opinion that the accident caused Jordan's injuries should be excluded because it is premised solely on the correlation between the onset of Plaintiff's subjective complaints of pain and the accident. Jordan responds that Dr. Kabakibou has applied routine and accepted medical practices to draw a conclusion as to the cause of Plaintiff's injuries.

The Court's starting point for determining the admissibility of expert testimony is Federal Rule of Evidence 702, which provides a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal citations and quotations omitted). Rule 702 articulates three criteria for courts to use in judging the reliability of an expert's opinion: (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). In *Daubert*, the United States Supreme Court emphasized the district court's gatekeeper role when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591-93 (1993).

When assessing the reliability of expert testimony, *Daubert* suggests that the Court consider the following non-exhaustive factors: (1) whether the concept can and has been tested; (2) whether the concept has been subject to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the relevant scientific community. *Pestel v. Vermeer Mfg. Co.*, 64 F.3d 382, 384 (8th Cir. 1995). The inquiry as to the reliability and relevance of the testimony is a flexible one designed to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Expert testimony is inadmissible only if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000). When analyzing an expert's testimony, the court must focus on the principles

and methodology employed by the expert, and not on the conclusions generated by the expert. *Daubert*, 509 U.S. at 594. "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006); *see also Polski v. Quigley Corp.*, 538 F.3d 836, 838 (8th Cir. 2008) ("Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony. The rule clearly is one of admissibility rather than exclusion."). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Bonner v. ISP Techs, Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001).

Dr. Kabakibou's expert testimony meets the first two requirements of Rule 702. First, the testimony is relevant and can assist the jury in making a determination regarding Jordan's injuries. Second, the Court finds that, based on his expertise and experience, Dr. Kabakibou is qualified to assist the finder of fact in making this determination.

Ventura's primary argument is that Dr. Kabakibou's opinion does not satisfy the third requirement under Rule 702 because it is not reliable or trustworthy. Specifically, Ventura argues that Dr. Kabakibou's opinions are unreliable because they are premised solely on the correlation between the accident and the onset of Jordan's complaints of pain. Ventura asserts that Dr. Kabakibou's causation testimony is based on an impermissible *post hoc ergo propter hoc* argument—an argument in which one event is asserted to be the cause of a later event simply by virtue of having happened earlier, with nothing more to support it. Ventura characterizes Dr. Kabakibou's causation opinion as follows: because the accident occurred before Jordan's subjective complaints of back pain, the accident must have caused the pain. Ventura argues that Dr. Kabakibou has not demonstrated the scientific analysis used to arrive at this conclusion.

3

At his deposition, during questioning by defense counsel, Dr. Kabakibou, testified that he based his causation opinion "mainly" on Jordan's medical history. ECF No. 104-1, pp. 6-7. Dr. Kabakibou explained that because Jordan's back problems started immediately after the accident and Jordan had no history of back problems before the accident, the cause of Jordan's back problems is logically related to the accident. ECF No. 104-1, p. 10. When asked by defense counsel whether the correlation between the onset of Jordan's condition and the occurrence of the accident was the entirety of the basis of his causation opinion, Dr. Kabakibou replied that it was. ECF No. 104-1, pp. 9-10. However, Dr. Kabakibou also testified during the deposition that he relied on patient history, imaging studies, medical records from another treating physician, and a physical examination in formulating his causation opinion. ECF No. 111-3, pp. 3-5. Dr. Kabakibou further explained in an affidavit that he relied on these items to conduct a "differential diagnosis," meaning he considered all likely scientific causes of Jordan's injuries and pain complaints and eliminated the least likely causes until the most likely one remained. ECF No. 111-1. Dr. Kabakibou has twenty years of experience treating patients with traumatic injuries and stated that Jordan's reported spinal injuries were consistent with other patients he treated who had suffered spinal trauma. ECF No. 111-3, pp. 23-24. Thus, it appears from the sum of the deposition testimony that Dr. Kabakibou considered more than just the temporal relationship between the accident and the onset of Jordan's pain.

Upon consideration, the Court cannot find that Dr. Kabakibou's methodology is invalid or unreliable or that his expert opinion is speculative, unsupported by sufficient facts, or contrary to the facts of the case. Dr. Kabakibou explained that, in coming to his conclusion, he relied on Jordan's medical history, imaging studies, medical records from another treating physician, and a physical examination, all of which he used to conduct a differential diagnosis. The Eighth Circuit

has held that "a medical opinion about causation, based upon a proper differential diagnosis, is sufficiently reliable to satisfy *Daubert*." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 861 (8th Cir. 2003). Ventura's arguments attack the credibility and weight that Dr. Kabakibou's testimony and opinions should be given, but Ventura has failed to demonstrate that Dr. Kabakibou's opinions were reached in an unreliable manner or that his opinions are untrustworthy. Accordingly, the Court finds that Ventura's motion (ECF No. 104) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 5th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge