IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                                   PLAINTIFF

v.                                            Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3                                                                                         DEFENDANTS

# ORDER

Before the Court is Defendant Elmer Enrique Ventura's Motion to Exclude Plaintiff's Liability Experts. ECF No. 102. Plaintiff Marqchello Jordan has filed a response. ECF No. 112. The Court finds the matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another disabled tractor-trailer parked on the side of the interstate. Jordan and Ventura gave differing statements to the police as to how the accident happened, and no other eyewitnesses have been identified. Jordan alleges that he suffered injuries as a result of the accident.

At trial, Jordan intends to offer the expert testimony of Ben Railsback and David Dorrity. Ventura moves to exclude the testimony of these experts, arguing that the experts' opinions will not be helpful to the jury.

"Federal Rule of Evidence 702 permits a qualified expert to give opinion testimony if the expert's specialized knowledge would allow the jury to better understand the evidence or decide a fact in issue." *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010) (citing *United States v. Arenal*,

768 f.2d 263, 269 (8th Cir. 1985)). However, "[o]pinions that 'merely tell the jury what result to reach' are not admissible." *Id.* at 809 (quoting Fed. R. Evid. 704 advisory committee's note). If the subject matter of a proffered expert's testimony "is within the jury's knowledge or experience . . . the expert testimony [is] subject to exclusion 'because the testimony does not . . . meet the helpfulness criterion of Rule 702.'"

   A.  Ben Railsback

Ben Railsback is an accident reconstruction expert. Ventura argues that Railsback should not be allowed to testify at trial because his proffered testimony would not be helpful to the jury. Jordan asserts that Railsback's proffered testimony is helpful because of the conflicting accounts regarding how the accident occurred.

The accident at issue encompasses two separate collisions: a collision between Jordan and Ventura (the "first collision") and a collision between Jordan and the driver of the disabled truck on the side of the interstate ("the second collision"). It appears to the Court that there is no dispute as to whether the first collision occurred but instead how it occurred. It also appears to the Court that there is no dispute regarding the facts of the second collision. Railsback's expert report offers no opinion as to how the first collision occurred, and his proffered testimony regarding the second collision is unnecessary and would not be helpful to the jury. The jury should be able to ascertain the facts of the first collision through the evidence presented at trial, including the testimony of the parties, the testimony of the officer who investigated the accident, and photographs of the vehicles and the accident scene. Railsback's proffered testimony would not help the jury to better understand this evidence or decide any fact in issue. Because Railsback's proffered testimony does not meet the helpfulness criterion of Federal Rule of Evidence 702, the Court finds that Railsback will not be allowed to testify at trial.

B. David Dorrity

David Dorrity is a trucking safety expert. Ventura argues that Dorrity should not be allowed to testify at trial because his proffered opinions are either matters of common knowledge, legal issues, or irrelevant. Further, Ventura argues that specific opinions of Dorrity are speculative and have no basis in fact. Jordan asserts that Dorrity should be allowed to testify as to the appropriate industry standards of truck drivers operating tractor-trailers on open highways because this proffered testimony is both relevant and helpful to the jury. Upon consideration, the Court will allow Dorrity to testify as to the industry standards. However, the Court will exclude the specific opinions of Dorrity as set forth below:

1. Dorrity's opinions regarding Ventura's failure to keep a proper lookout, failure to maintain his lane of travel, and failure to monitor his mirrors properly are excluded. It is evident from Dorrity's expert report that these opinions are based solely on the fact that an accident occurred. For example, Dorrity states that "[i]t is likely that Mr. Ventura failed to monitor his mirrors prior to his lane change, otherwise he would have seen Jordan, or knew he had moved into his blind spot." ECF No. 102-3, p. 5.

2. Dorrity's opinions that Ventura must have been traveling faster than Jordan because Ventura was in the left-hand lane at the time of the accident and that a truck driver's presence in the left lane at the time of an accident indicates that the driver is "impatient and speeding" and/or "aggressive or reckless" are excluded. Such testimony is speculative and unsupported by sufficient facts. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006) ("Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case.").

3. Dorrity will not be allowed to testify that the accident was preventable according to the trucking industry standards. "[E]xclusion of expert testimony is appropriate if the terms used have a separate, distinct, and special legal meaning." *Hogan v. Am. Telephone & Telegraph Co.*, 812 F.2d 409, 411 (8th Cir. 1987). "Preventable accident" is defined in the Federal Motor Carrier Safety Regulations, *see* 49 C.F.R. 385.3, as one "that could have been averted but for an act, or failure to act by the . . . driver." Because the term has a special and distinct legal meaning, it is not a proper subject of expert testimony in this case.

For the reasons set forth above, the Court finds that Ventura's Motion to Exclude Plaintiff's Liability Experts (ECF No. 102) should be and hereby is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED**, this 7th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge