IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                                    PLAINTIFF

v.                                            Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3                                                                                          DEFENDANTS

**ORDER**

Before the Court is Defendant Elmer Enrique Ventura's Motion to Exclude Evidence and Argument of Lost Profits and Past Lost Earning Capacity. ECF No. 106. Plaintiff Marqchello Jordan has filed a response. ECF No. 113. The Court finds the matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

At trial, Jordan intends to offer the expert testimony of Ralph Scott, an economist. In his report, Scott states that he has calculated the "lost earning capacity suffered by Marqchello Jordan . . . resulting from his injury sustained on May 5, 2015." ECF No. 113-11. Scott does not state in his report that he calculated past or future lost profits or earnings. Ventura asserts that any evidence or argument of past or future lost profits or earnings should be excluded because Jordan cannot provide the requisite proof. Further, Ventura argues that any evidence or argument of past lost earning capacity should be excluded because this is not a recoverable element of damage under Arkansas law.

### A. Past and Future Lost Profits or Earnings

An injured party is entitled to recover any lost earnings up to the time of trial as well as the present value of any earnings reasonably certain to be lost in the future. Arkansas Model Jury Instructions—Civil, AMI 2206 (2018 ed.). An independent business owner may recover only net profits lost, when proved with reasonable certainty. *Ishie v. Kelley*, 302 Ark. 112, 114, 788 S.W.2d 225, 226 (1990). "[A] plaintiff must present a reasonably complete set of figures and not leave the jury to speculate." *Id.* When "the only figures provided are gross amounts rather than net, with no basis from which a jury could reasonably infer the approximate net earnings of the plaintiff, any resulting verdict is based on conjecture." *Id.*

Jordan is an owner-operator of a tractor-trailer and has provided Ventura his Form 1099 for 2014 and 2015 to show his non-employee compensation. Jordan testified in his deposition that he does not know whether the amount of compensation shown on the 1099s is before or after expenses are taken out. Jordan has stated that he does not know his net business income for either of those years and does not have documentation of his net business income in 2014 or 2015. Scott also has no documentation of Jordan's past earnings and admits that the 1099s do not show what Jordan actually earned. Scott does not provide any opinion in his expert report regarding Jordan's past or future lost profits. Instead, Scott offers opinions only as to Jordan's lost earning capacity.[1] Because Scott offers no opinion as to Jordan's past or future lost profits, the Court will not allow Scott to testify as to these elements of damages.

The only evidence the Court is aware of regarding any past or future lost profits are the 1099s that Jordan provided to defense counsel. Because these documents do not reflect Jordan's

---

[1] Scott states that was asked to calculate the "lost earning capacity" suffered by Jordan. ECF No. 113-1, p. 1. He further states that the figure he provided for Jordan's base income for the period of Jordan's injury through July 1, 2017, "is indicative of Jordan's pre-injury earning capacity. " ECF No. 113-1, p. 1.

2

net profits, there is potential for confusion if these documents or other documents purporting to reflect Jordan's net profits are shown to the jury. Thus, counsel is directed to approach the bench before introducing any evidence of Jordan's past or future lost profits.

**B. Past Lost Earning Capacity**

"Loss of earnings and loss of earning capacity are two separate elements of damages." *Arthur v. Zearley*, 337 Ark. 125, 143, 992 S.W.2d 67, 77 (1999). "Loss of earning capacity is the loss of the ability to earn in the future." *Id.* In his report, Scott provides a base rate of income that Jordan would have earned but for this accident. Scott uses the national average for earnings of truck drivers to determine what Jordan would have earned but for this accident[2] and provides a calculation for Jordan's past "lost earning capacity" instead of lost earnings. However, past lost earning capacity is not a recoverable element of damage under Arkansas law. Accordingly, the Court will not allow Scott to testify as to any past "lost earning capacity."[3]

For the reasons stated above, the Court finds that Ventura's motion (ECF No. 106) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 8th day of March, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[2] Scott states that this figure is indicative of Jordan's "pre-injury earning capacity." ECF No. 113-1, p. 1.
[3] Scott also provides a calculation for what he refers to as "future lost earning capacity." ECF No. 113-1, p. 2. The Court makes no rulings in this Order as to "future lost earning capacity."