IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                PLAINTIFF

v.                                       Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3                                                                       DEFENDANTS

## ORDER

Before the Court is Defendant Elmer Enrique Ventura's Motion in Limine on Medical Issues. ECF No. 128. Plaintiff Marqchello Jordan has filed a response. ECF No. 139. The Court finds the matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

Ventura moves the Court to exclude certain medical records and expenses at trial. First, Ventura moves to exclude any medical illustrations, radiology reports, and other medical records for which a proper foundation cannot be laid. Second, Ventura moves to exclude evidence of medical treatment in which there will be no physician to testify that it was reasonably and necessarily required as a proximate result of the accident at issue.

**A. Medical Records**

Ventura argues that the Court should exclude medical records at trial for which a proper foundation cannot be laid because such documents would confuse and mislead the jury. Ventura

acknowledges that medical records may be received into evidence pursuant to Federal Rule of Evidence 803(6) as an exception to hearsay. However, Ventura asserts that any medical records created by a physician who will not testify at trial should be excluded under Federal Rule of Evidence 403. Rule 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Ventura argues that without a witness to explain the medical records, these records will be confusing to the jury, and any diagnosis or opinion contained in these records would not be subject to cross-examination.

Jordan argues that the medical records created by physicians who will not testify at trial are highly probative of his claim for damages and that there is no danger of confusing the jury because these records are not complex and will not be unexplained. Jordan asserts that he and his treating physician, Dr. Kabakibou, whose deposition will be offered as testimony at trial, are competent to authenticate and discuss these records.

Ventura asks the Court to exclude a broad range of medical documents solely because there will be no physician to testify as to these records. The Court, however, has not seen the medical records and does not know whether the records involve a complex diagnosis or the straightforward observations of a physician. Further, the Court is unaware of the context in which Dr. Kabakibou will rely on these records. Thus, the Court cannot determine at this time whether the medical records should be excluded. If there is a question as to whether a proper foundation has been laid for a particular medical record, the parties are directed to approach the bench. Jordan will be required to lay a proper foundation for the medical records pursuant to the Federal Rules of Evidence. Accordingly, this portion of Ventura's motion is **DENIED**.

### B. Testimony Regarding Past Medical Treatment and Expenses

Ventura moves the Court to exclude any evidence of medical treatment by any physician other than Dr. Kabakibou, who it appears will be the only physician to testify at trial as to Jordan's medical treatment. Ventura argues that this evidence should be excluded because expert testimony is required to establish a connection between the treatment/expense and the alleged negligence of Ventura. Jordan asserts that, under Arkansas law, he is a competent witness to lay the foundation for the introduction of the medical bills regarding his treatment.

Expert testimony is not required to prove that medical charges were reasonable and necessary. *See* Ark. Code Ann. § 16-46-107. If there is a question as to the reasonableness or necessity of a particular charge, the parties are directed to approach the bench. Jordan will be required to make a causal connection between the expenses and the alleged negligence of Ventura. Accordingly, this portion of Ventura's motion is **DENIED**.

For the reasons stated above, the Court finds that Ventura's motion (ECF No. 128) should be and hereby is **DENIED**. Further, the Court directs the parties to meet before trial to determine which medical records and bills can be received into evidence by stipulation.

**IT IS SO ORDERED**, this 12th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge