IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                                    PLAINTIFF

v.                                              Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
and JOHN DOES 1-3                                                                                DEFENDANTS

**ORDER**

Before the Court is Defendant's Omnibus Motion in Limine, which contains motions in limine numbered 1-19. (ECF No. 131). Plaintiff has filed a response. (ECF No. 140). The Court finds this matter ripe for consideration. The motion will be granted in part and denied in part as follows:

1.     Defendant asks the Court to prohibit any reference that Defendant is covered by liability insurance. Plaintiff does not object to this motion in limine. Upon consideration, motion in limine number 1 is **GRANTED**.

2.     Defendant asks the Court to prohibit any reference to settlement negotiations and any mention of statements made during settlement negotiations. Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 2 is **GRANTED**.

3.     Defendant asks the Court to prohibit any reference to information protected under attorney-client privilege. Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 3 is **GRANTED**.

4.     Defendant asks the Court to prohibit any reference to attorney's fees paid or to be paid. Plaintiff objects, arguing that he has the right to inform the jury of fee arrangements with

counsel, experts, and other witnesses. Upon consideration, Defendant's motion in limine number 4 is **GRANTED**. The Court finds that any mention of attorney's fees will only serve to confuse and inflame the jury to make a decision on an improper basis. Counsel for Plaintiff will not mention any fee arrangement with his client. Plaintiff is not allowed to testify about any fee arrangement with his counsel. However, Plaintiff will be allowed to testify about his fee arrangements with experts and other witnesses.

5. Defendant asks that Plaintiff tender all physical evidence to the Court and Defendant's counsel outside of the presence of the jury to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by such party. Plaintiff objects, arguing that he will exchange exhibits as required by the Court's Final Scheduling Order. Plaintiff further states that he will comply with the Federal Rules of Civil Procedure and Federal Rules of Evidence. Upon consideration, Defendant's motion in limine number 5 is **GRANTED IN PART** and **DENIED IN PART**. The parties will exchange exhibits prior to trial as required by the Court's Final Scheduling Order. The parties may then stipulate to the admissibility of any exhibits. As to any non-stipulated exhibits, the parties will follow the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Court's orders.

6. Defendant asks the Court to exclude any comment that the jury should not concern itself with who pays the judgment. Defendant argues that any comments to this effect will be unfairly prejudicial. Plaintiff objects, arguing that it should be allowed to explore this topic to determine whether potential jurors would deliver a verdict based on sympathy for Defendant rather than evidence. Upon consideration, Defendant's motion in limine number 6 is **DENIED**. Plaintiff may mention to the jury during *vior dire* that they should not be concerned with who pays the

judgment in order to expose any potential bias they may have as a result of Defendant not appearing at trial. However, Plaintiff's counsel should first approach the bench if he intends to make any such reference at trial.

7. Defendant asks the Court to prohibit Plaintiff from introducing hearsay. However, Defendant has not cited to any specific evidence or testimony to be excluded. Upon consideration, the Court finds Defendant's motion to be overbroad and premature. Accordingly, Defendant's motion in limine number 7 is **DENIED**. Defendant may renew its hearsay objection at trial as to any specific evidence or testimony.

8. Defendant asks the Court to exclude from evidence that lawsuit abuse movements or tort reform are initiated, backed by, or supported by insurance companies, Defendant, or any other industry or group. Plaintiff does not object but argues that he must be allowed to ask potential jurors about their opinions on tort reform to expose potential bias. Upon consideration, Defendant's motion in limine number 8 is **GRANTED**. Plaintiff may ask jurors about tort reform in general to expose potential bias during *vior dire*, but may not mention that tort reform is initiated, backed by, or supported by insurance companies, Defendant, or any other industry or group.

9. Defendant asks the Court to prohibit any reference to the Golden Rule or that the jury place themselves in the position of the Plaintiff. Plaintiff does not object to this motion in limine. (ECF No. 140). Upon consideration, Defendant's motion in limine 9 is **GRANTED**.

10. Defendant asks the Court to prohibit any reference to Plaintiff in the case as a "victim." Defendant argues that "[t]he term incorrectly implies the existence of a 'criminal' legal proceeding and serves only to inflame certain jurors to violate their oath not to let bias, sympathy, or prejudice play any part in their deliberations." Plaintiff objects to the motion, arguing that there

is no danger of unfair prejudice because he was the victim of Defendant's negligence. Upon consideration, Defendant's motion in limine number 10 is **GRANTED**. Repeated use of the word "victim" only serves to inflame and confuse the jury. *Chism v. New Holland N. Am., Inc.*, No. 2:07CV00150, 2010 WL 11520495, at *4 (E.D. Ark. Feb. 1, 2010). Therefore, Plaintiff will not be referred to as a "victim."

      11.    Defendant asks the Court to prohibit any reference to Plaintiff receiving a traffic ticket or citation for the accident at issue. Plaintiff does not object to the motion in limine. Upon consideration, Defendant's motion in limine number 11 is **GRANTED**. Traffic citations relating to a civil action may only be introduced into evidence where the defendant has pleaded guilty in open court. *Dedman v. Porch*, 293 Ark. 571, 574-75, 730 S.W.2d 685 (1987). There is no indication that Defendant had pleaded guilty in open court with regard to any traffic citations stemming from this accident. Thus, Plaintiff is not allowed to introduce evidence that Defendant was issued a traffic citation for the accident at issue. Conversely, Defendant is not allowed to introduce evidence pointing to a lack of a citation being issued.

      12.    Defendant asks the Court to prohibit Plaintiff from offering evidence about Defendant's driving history and road contractor file. Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 12 is **GRANTED**.

      13.    Defendant asks the Court to prohibit Plaintiff from offering testimony from Central Transport's 30(b)(6) witness. Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 13 is **GRANTED**.

      14.    Defendant asks the Court to exclude the testimony of expert witness Ralph Scott. Defendant disputes Scott's methodology and argues that any opinions he renders will be too speculative. Plaintiff objects to the motion, arguing that it is an untimely *Daubert* motion. Upon

consideration, Defendant's motion in limine number 14 is **DENIED**. The Court finds that Defendant's motion in limine amounts to a *Daubert* motion, and the deadline for *Daubert* challenges passed prior to the filing of the instant motion. Moreover, Scott will be giving live testimony and Defendant may challenge Scott's conclusions on cross-examination.

15. Defendant asks the Court to prohibit any reference to the fact that Defendant failed to participate in discovery. Plaintiff objects to the motion, arguing that he should be allowed to expose any potential juror bias based on the fact that Defendant did not participate in his defense. Plaintiff also argues that he should be allowed to explain why Ventura has no deposition testimony. Upon consideration, Defendant's motion in limine number 15 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may introduce evidence that Defendant did not participate in discovery. Plaintiff may not introduce evidence that Defendant was sanctioned for failing to participate in discovery.

16. Defendant asks the Court to prohibit Plaintiff from "indicating to the jury, by evidence or argument, that he is entitled to punitive or exemplary damages and from using any 'send-a-message' type language or references." Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 16 is **GRANTED**.

17. Defendant asks the Court to prohibit Plaintiff from introducing evidence of federal regulations and a CDL driver's manual. Defendant argues that introducing federal regulations and the CDL driver's manual is an attempt to send laws to the jury as evidence. Plaintiff objects to the motion arguing that this evidence is probative as to the standard of care in this case and as to whether Defendant acted as a reasonable commercial truck driver. Upon consideration, Defendant's motion in limine number 17 is **DENIED**. Federal regulations and CDL driver's manuals are admissible as evidence of negligence. *Dunham v. Midwest Trucking & Transp., Inc.*,

No. 08-5054-CV-SW-GAF, 2009 WL 3254468, at *5 (W.D. Mo. Oct. 7, 2009); *Bussell v. Mo. Pac. R. Co.*, 237 Ark. 812, 818, 376 S.W.2d 545, 549 (1964).  Therefore, Plaintiff may introduce evidence of federal regulations and a CDL manual.

18.    Defendant asks the Court to prohibit any reference to Plaintiff's gross earnings. Plaintiff does not object to this motion in limine. Upon consideration, Defendant's motion in limine number 18 is **GRANTED**.  Plaintiff may testify and introduce evidence as to his net earnings.  Plaintiff will not be allowed to testify or introduce evidence of his gross earnings.

19.    Defendant asks the Court to exclude the narrative provided by the Arkansas State Police and Trooper Hamilton's diagram of the accident. Plaintiff does not object to Defendant's motion as to the narrative.   Upon consideration, Defendant's motion in limine number 19 is **GRANTED** as to the narrative.  Therefore, Plaintiff may not offer the narrative as evidence.

As to the diagram, Defendant argues that the diagram will allow Trooper Hamilton to express improper opinions on the ultimate issue of Defendant's negligence.  Plaintiff objects, arguing that Trooper Hamilton will use the diagram to help explain his first-hand knowledge of the accident.  Upon consideration, Defendant's motion in limine number 19 is **DENIED IN PART** as to the diagram.  Trooper Hamilton will be allowed to use the diagram to illustrate his first-hand experience of the accident.  Trooper Hamilton may not express opinions as to the "ultimate issue."

For reasons stated above, the Court finds that Defendant's Omnibus Motion in Limine (ECF No. 131) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 13th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge