IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                    PLAINTIFF

v.                                          Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
and JOHN DOES 1-3                                                                   DEFENDANTS

## ORDER

Before the Court is Plaintiff Marqchello Jordan's Motion in Limine to Exclude Argument, Evidence, or Inference of Affirmative Defenses. (ECF No. 132). Defendant Elmer Enrique Ventura has filed a response. (ECF No. 141). The Court finds this matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

During the course of discovery, Ventura did not appear for multiple properly noticed depositions, did not participate in written discovery, and failed to comply with the Court's discovery orders. As a result, the Court granted Jordan's Motion for Sanctions in part and struck Ventura's affirmative defenses. (ECF No. 66). Jordan has filed the instant motion asking that the Court exclude any argument, evidence, or inference of affirmative defenses. Specifically, Jordan seeks to exclude deposition testimony from Robert Hinterman about what Jordan should have done

when he encountered caution triangles near the rear of Hinterman's broken down tractor-trailer. Jordan argues that this testimony creates an inference of contributory negligence.

### A. Striking Affirmative Defenses

"Striking one party's pleadings is a severe sanction that may ineluctably lead to judgment for the other side." *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013). However, this sanction is appropriate "where there is an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).

Jordan argues that Ventura should not be allowed to argue or present evidence of any affirmative defenses because the Court struck Ventura's affirmative defenses. Jordan argues that in light of the Court's order imposing sanctions, any evidence of affirmative defenses would be irrelevant and unfairly prejudicial. Ventura argues that he should be allowed to present evidence of contributory negligence. Specifically, Ventura points to *Newton v. Ryder Transp. Servs.*, 206 F.3d 772, 773 (8th Cir. 2000), for the proposition that he should be allowed to present evidence of contributory negligence even though it is not present in his pleadings.

Upon consideration, the Court finds that Ventura should not be allowed to argue or present evidence of contributory negligence or any other affirmative defenses. Ventura willfully failed to comply with the Court's discovery orders, and Jordan was prejudiced as a result. Moreover, Ventura's reliance on *Newton* is misplaced. In *Newton*, the plaintiff was allowed to present evidence of contributory negligence where he had failed to plead any affirmative defenses. However, in the present case, Ventura was sanctioned for repeatedly failing to participate in discovery and to obey the Court's orders. Accordingly, Robert Hinterman's deposition testimony

concerning caution triangles is excluded. Moreover, Ventura shall not present any argument or evidence of affirmative defenses and shall not create any inference of affirmative defenses.

For reasons stated above, the Court finds that Plaintiff's motion (ECF No. 132) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 13th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge