IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                      PLAINTIFF

v.                                         Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
and JOHN DOES 1-3                                                                      DEFENDANTS

## ORDER

Before the Court is Plaintiff Marqchello Jordan's Motion in Limine to Exclude Evidence of Past Criminal History. (ECF No. 127). Defendant Elmer Enrique Ventura has filed a response. The Court finds this matter ripe for consideration.

This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

At trial, Ventura plans to offer evidence of Jordan's criminal history to impeach his credibility. Jordan has filed the instant motion arguing that his criminal history should be excluded because his convictions are too old to be relevant and that the probative value of introducing his criminal history is substantially outweighed by the risk of unfair prejudice. Ventura opposes the motion.

### A. Evidence of Past Criminal History

In a civil case, a witness' character for truthfulness may be attacked by evidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year. Fed. R. Evid. 609. However the evidence of criminal conviction is subject to the balancing test of Federal Rule of Evidence 403. *Id.* Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Jordan argues that his criminal history should be excluded because his convictions are too old to be relevant and that the probative value of introducing his criminal history is substantially outweighed by the risk of unfair prejudice. Ventura argues that Jordan's most recent conviction should be admitted as impeachment evidence because it is less than ten years old. Further, Ventura argues that Jordan's entire criminal record is admissible as impeachment evidence because Jordan lied about his criminal history in deposition testimony.

Upon consideration, the Court finds that the probative value of Jordan's criminal history is substantially outweighed by the risk of unfair prejudice to Jordan. Jordan's most recent conviction is approximately nine years old. Since being released from prison, Jordan has had no subsequent arrests. Moreover, all of Jordan's felony convictions are drug related. This is a car crash case, not a drug case, and there is no evidence that Jordan, or any other party, was under the influence of drugs or alcohol at the time of the accident.

The Court further finds that Jordan's criminal record is improper impeachment evidence. Jordan was forthright that he was convicted in North Carolina for possession of cocaine and later

convicted under a federal indictment of possession of cocaine with intent to distribute. Jordan admitted that he was selling cocaine and accepted responsibility for his conduct. Ventura argues that Jordan lied because he only disclosed two drug convictions instead of the three on his record. However, the Court notes that Jordan was serving a concurrent sentence on two counts of possession in North Carolina with conviction dates less than a week apart. Accordingly, Ventura shall not make any reference to Jordan's criminal history.

In his response, Ventura has also indicated that he intends to introduce evidence of Jordan's past drug use to impeach his credibility. Jordan has not the opportunity to brief this issue. Therefore, the Ventura is instructed to approach the bench before making any reference to Jordan's past drug use.

For reasons stated above, the Court finds that Plaintiff's motion (ECF No. 127) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 14th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge