IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQCHELLO JORDAN                                                                              PLAINTIFF

v.                                            Case No. 4:17-cv-4011

ELMER ENRIQUE VENTURA,
and JOHN DOES 1-3                                                                             DEFENDANTS

**ORDER**

 Before the Court is Plaintiff Marqchello Jordan's Motion in Limine to Limit Portions of the Report and Testimony of Earl Peeples. (ECF No. 123). Defendant Elmer Enrique Ventura has filed a response. (ECF No. 144). The Court finds this matter ripe for consideration.

 This case arises from an automobile accident that occurred on May 6, 2015, on I-30 near Prescott, Arkansas. Jordan and Ventura are both tractor-trailer drivers. Jordan claims that Ventura entered into Jordan's travel lane and pushed his tractor-trailer into another, disabled tractor-trailer parked on the side of the interstate. Jordan alleges that he suffered injuries as a result of the accident.

 Ventura plans to offer testimony from Dr. Earl Peeples as an expert witness. Dr. Peeples is expected to testify about Jordan's health and medical treatment after he sustained injuries in the accident at issue. Jordan moves the Court to prohibit Dr. Peeples from testifying about (1) Plaintiff's psychological issues and matters of secondary gain; (2) whether medical procedures or treatments were unnecessary; (3) irrelevant statistics of back pain generally that are not related to Jordan's injuries; and (4) a medical examination done by Dr. D'Auria. Jordan also asks that the

Court prohibit Dr. Peeples from testifying entirely because he failed to disclose a list of cases where he had previously testified as an expert witness.

### A. Secondary Gain

Jordan has asked the Court to prohibit Dr. Peeples from testifying about secondary gain—the theory that patients who are involved in litigation tend to exaggerate their symptoms. *Dowden v. Garcia*, No. 4:05-CV-192-GTE, 2007 WL 1111256, at *1 (E.D. Ark. Apr. 13, 2007). Jordan argues that evidence of secondary gain is irrelevant and that any probative value of secondary gain is outweighed by the risk of unfair prejudice. Specifically, Jordan points to *Rodgers v. CWR Const., Inc.*, 343 Ark. 126, 134, 33 S.W.3d 506, 511 (2000) and *Dowden v. Garcia*, No. 4:05-CV-192 GTE, 2007 WL 1111256, at *2 (E.D. Ark. Apr. 13, 2007) in support of these propositions.

In *Rodgers*, the Arkansas Supreme Court found that evidence of secondary gain was irrelevant where the expert did not opine that the plaintiff in that case was personally exaggerating his symptoms. In *Dowden*, the district court found that evidence of secondary gain was unfairly prejudicial where the treating physician planned to testify that the plaintiff was not recovering as well as his patients not involved in litigation.

Ventura argues that the case at bar is distinguishable from *Rodgers* and *Dowden*. Ventura points out that unlike in *Rodgers*, the expert in this case will be giving specific opinions about Jordan exaggerating his symptoms. Ventura further argues that this case is distinguishable from *Dowden* because that expert was unaware of the plaintiff's complete medical history, whereas Dr. Peeples has reviewed Jordan's complete medical history as well as other scholarly works on secondary gain.

Upon consideration, the Court finds that the probative value of secondary gain is outweighed by the risk of unfair prejudice. Although there are some factual distinctions between *Rodgers* and *Dowden* and the case at bar, the Court finds that evidence of secondary gain is

prejudicial on its face and that such prejudice outweighs the probative value in this case. Therefore, Dr. Peeples will not be allowed to testify about secondary gain.

### B. Unnecessary Medical Treatment

Jordan asks the Court to prohibit Dr. Peeples from offering opinions that Jordan's medical treatment was not clinically indicated or necessary. Jordan cites to *Ponder v. Cartmell*, 301 Ark. 409, 412, 784 S.W.2d 758, 761 (1990) for the proposition that where "a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable."

In response, Ventura directs the Court to *Worman v. Allstate Indem. Co.*, No. 3:11-CV-03033, 2012 WL 5410933, at *3 (W.D. Ark. Nov. 6, 2012). In *Worman*, the court noted "[t]he limited holding of the *Ponder* case is that if a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable." *Id.* The court went on to state that "[t]he *Ponder* rule does not mean that any and all medical care sought by Plaintiff after her car accident must be 1) considered reasonable and necessary or 2) due to injuries proximately caused by the accident." *Id.*

Upon consideration, the Court finds that *Ponder* does not bar questioning into whether medical treatment was reasonable and necessary. Moreover, Ventura is allowed to rebut Jordan's allegations about the nature and severity of his injuries. Accordingly, Dr. Peeples will be allowed to testify about the necessity of Jordan's medical treatment.

### C. General Back Pain and Population Studies

It is well established that expert testimony must be relevant and assist the fact-finder in deciding the ultimate issue of fact. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014).

In the instant motion, Jordan requests that the Court prohibit Dr. Peeples from testifying to any generalized statements about back pain or bringing in any evidence of population studies because they are not relevant to the issues in this case. Jordan specifically objects to one excerpt from Dr. Peeples' report as being overbroad. The excerpt reads as follows:

> Back pain is so common that it must be considered to be a normal part of life, rather than a medical abnormality. The vast majority of presentations of low back pain are not injury-related, or otherwise associated with any general medical findings. For 85-90% of back pain cases, there is no general medical (non-psychiatric, non-psychological) diagnosis that explains the pain.

(ECF No. 124-1, p. 11). Ventura has not objected to excluding Dr. Peeples' testimony concerning generalized statements about back pain and population studies.

Upon consideration, the Court finds that any population studies or generalized statements about back pain unrelated to Jordan's injures are irrelevant and should be excluded. Accordingly, the Court will not allow Dr. Peeples to testify as to the above-quoted section of his report. The Court will also not allow Dr. Peeples to testify that generally back pain is very common and often has no known cause.

### D. Testimony Regarding Dr. D'Auria's Opinions

"[A]n expert may rely on otherwise inadmissible hearsay evidence in forming his opinion if the facts and data upon which he relies are of a type reasonably relied upon by experts in his field." *Arkwright Mutual Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997) (citation omitted). Consequently, "an expert [may] testify about facts and data outside of the record for the limited purpose of exposing the factual basis of the expert's opinion." *Brennan v. Reinhart Institutional Foods*, 211 F.3d 449, 451 (8th Cir. 2000). "Once expert testimony has been admitted, the rules of evidence then place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's

cross-examination." *Ratliff v. Schiber Truck Co.*, 150 F.3d 949, 955 (8th Cir. 1998) (internal citation and quotation marks omitted).

Jordan argues that Dr. Peeples should not be allowed to testify concerning the opinions of Dr. D'Auria—a physician who examined Jordan after the tractor-trailer collision on behalf of an occupational accident insurance company. Jordan contends that Dr. D'Auira's reports and opinions are likely to confuse the jury, would be unfairly prejudicial, and constitute inadmissible hearsay. Ventura argues that because Dr. Peeples is an expert, he is allowed to consider otherwise inadmissible evidence to form his opinions and that he is allowed to testify as to the factual basis of his opinions.

Upon consideration, the Court finds that Dr. Peeples—as an expert—may rely on otherwise inadmissible hearsay in forming his opinion. Accordingly, Dr. Peeples may rely on Dr. D'Auira's opinions and reports and he may testify about them for the purpose of explaining the factual basis of his opinions. However, the court recognizes that introducing evidence for this purpose may be confusing to the jury. Therefore, counsel will approach the bench before introducing evidence of Dr. D'Auria's opinions and reports. The Court will then instruct the jury that any hearsay is inadmissible as substantive evidence to prove the truth of the matter asserted.

**E. Excluding Dr. Peeples' for Failure to Comply with Disclosure Requirements**

Federal Rule of Civil Procedure 26(a)(2)(B) requires a written report prepared and signed by a witness if the witness is retained and specially employed to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B)(v). "The report must contain. . . a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.

Jordan argues that Dr. Peeples' report and expected testimony should be excluded because Dr. Peeples failed to provide a list of cases where he testified as an expert witness over the last four years. In response, Ventura argues that the failure to disclose was harmless because his counsel immediately provided Jordan with Dr. Peeples' case list when they were informed that it had not been included in Dr. Peeples' disclosures. Ventura also argues that this is harmless error because Jordan's counsel are familiar with Dr. Peeples as an expert witness.

Upon consideration, the Court finds that Dr. Peeples' failure to disclose his case list is harmless. Expert disclosures in this case were due on December 1, 2017. Jordan did not raise this issue until Friday, March 1, 2019, and Ventura emailed the case list to Jordan on Tuesday, March 5, 2019. Moreover, Jordan has described Dr. Peeples as a "well-known" expert witness. Therefore, the Court finds that Jordan has not been prejudiced. Accordingly, Dr. Peeples will be allowed to testify at trial.

For the reasons stated above, the Court finds that Plaintiff's motion (ECF No. 123) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 15th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge